UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL CAINE,

    Plaintiff,

v.       Case No. 3:14cv389/RV/CJK

BABE'S SOUTH, INC., et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's Motion for Summary Final Judgment (doc. 25), Motion for Entitlement to and Award of Attorneys' Fees and Costs (doc. 26), and Motion for Status Conference (doc. 36). On May 1, 2015, the court entered an order granting defendants twenty-one days to respond to plaintiff's Motion for Summary Final Judgment and Motion for Entitlement to and Award of Attorneys' Fees and Costs. (Doc. 27). To date, no response has been filed.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action for unpaid wages under the Fair Labor Standards Act ("FLSA") on August 19, 2014. (Doc. 1). On October 22, 2014, the parties filed a Joint Motion for Approval of Settlement. (Doc. 13). On November 5, 2014, the undersigned issued a report recommending that the parties' Joint Motion for Approval of Settlement be granted and the settlement agreement, including the attorneys' fees and costs requested by plaintiff's counsel, be approved. (Doc. 14). The district court judge adopted the report and recommendation on December 17,

2014. (Doc. 17). On January 14, 2015, plaintiff filed a motion to enforce the settlement agreement, asserting defendants failed to pay the settlement amount within the time required by the parties' agreement. (Doc. 18). The court granted plaintiff's motion for settlement enforcement. (Doc. 19). The court directed defendants to: (1) immediately pay the settlement amount and (2) show cause within fourteen days why this case should not be re-opened and plaintiff allowed to pursue further action. (*Id.*). After defendants failed to respond to the show cause order, the court entered an order re-opening the case. (Doc. 20). Plaintiff subsequently filed a Motion for Summary Final Judgment (doc. 25) and Motion for Entitlement to and Award of Attorneys' Fees and Costs (doc. 26).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56(a) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the non-moving party. *Id.* Summary

judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). Generally, a court must view the facts in the light most favorable to the non-moving party (here, defendants) and draw all reasonable inferences in favor of that party. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). However, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 869-70 (11th Cir. 2011). "A mere "scintilla" of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

Although defendants failed to respond to plaintiff's motion for summary judgment, the court is obligated to examine the sufficiency of the motion. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

FACTS

Plaintiff was employed by the defendants as a disc jockey. (Doc. 25-1, Caine Affidavit ¶ 3). On August 19, 2014, plaintiff filed suit against defendants, alleging

they failed to pay him the proper minimum wage as required by law. (Caine Aff. ¶ 4; doc. 1). Plaintiff believed he was owed approximately $2,500.00 in unpaid wages and an equal amount of liquidated damages. (Caine Aff. ¶ 4). After negotiating with plaintiff's counsel, defendants agreed to pay plaintiff $2,500.00 in unpaid wages and $2,500.00 in liquidated damages. (*Id.*, ¶ 5; doc. 13). As plaintiff was the prevailing party, defendants also agreed to pay plaintiff's counsel $3,500 in attorneys' fees and costs. (Caine Aff. ¶ 6; doc. 13). Defendants agreed to make these payments within ten days of the date the court approved the settlement or dismissed the case, whichever occurred first. (Caine Aff. ¶ 7; doc. 13). Defendants also agreed to pay a 25% penalty on the entire amount due if the payments were not timely. (Caine Aff. ¶ 7; doc. 13). If the entire settlement amount was not paid within fourteen days of the date the court approved the settlement, the parties agreed plaintiff could file suit to enforce the settlement and recover reasonable attorneys' fees. (Caine Aff. ¶ 8; doc. 13). The parties filed a Joint Motion for Approval of Settlement on October 22, 2014. (Caine Aff. ¶ 9; doc. 13). On December 17, 2014, the court granted the Joint Motion for Approval of Settlement and approved the parties' settlement agreement. (Caine Aff. ¶ 10; docs. 14, 17).

Defendants failed to pay the amounts due under the settlement agreement within fourteen days of its approval. (Caine Aff. ¶ 11). Plaintiff filed a Motion to Enforce Settlement Agreement on January 14, 2015. (Caine Aff. ¶ 12; doc. 18). On February 4, 2015, the court granted plaintiff's motion and ordered defendants to pay the settlement amounts immediately. (Caine Aff. ¶ 13; doc. 19). As of April 22, 2015, defendants have not paid the amounts due under the settlement agreement. (Caine Aff. ¶ 14).

Case No. 3:14cv389/RV/CJK

DISCUSSION

Based on the undisputed facts, the parties reached a valid settlement agreement which defendants failed to honor. The terms of the settlement were set forth in the parties' Joint Motion for Approval of Settlement. (Doc. 13, p. 3). The motion was granted and the settlement agreement was approved by the court. (Docs. 14, 17). Based on the settlement agreement, plaintiff is entitled to recovery in the amount of $10,625.00. This amount represents: (1) the $5,000.00 defendants originally agreed to pay plaintiff; (2) the $1,250.00 defendants agreed to pay plaintiff for failing to make timely payment of the settlement amount; (3) the $3,500.00 defendants originally agreed to pay plaintiff's counsel and; (4) the $875.00 defendants agreed to pay plaintiff's counsel for failing to make timely payment of the agreed upon attorneys' fees. (Caine Aff. ¶ 16-18; doc. 13, p. 3).

In addition, pursuant to the parties' settlement agreement, plaintiff's counsel is entitled to recover the reasonable attorneys' fees and costs incurred in enforcing the agreement. (*Id.*). For his efforts, plaintiff's counsel requests compensation for 5.4 hours of time at a rate of $350.00 per hour. (Doc. 26-1, Talbott Affidavit ¶ 16). Plaintiff's counsel also requests $13.05 in costs. (*Id.*, ¶ 17). Thus, in total, plaintiff's counsel requests $1903.05 in attorneys' fees and costs. After reviewing counsel's documentation, (doc. 26-1, p. 13-15), the undersigned finds the requested fees and costs are reasonable. Because the undersigned recommends granting plaintiff's motions and entering judgment in his favor, plaintiff's Motion for Status Conference will be denied.

Accordingly, it is ORDERED:

1. Plaintiff's Motion for Status Conference (doc. 36) is DENIED.

Case No. 3:14cv389/RV/CJK

2. The clerk shall send a copy of this Order and Report and Recommendation to defendant Babe's South, Inc., at 4024 N. Davis Highway, Pensacola, Florida 32503, and defendant Brennon P. Vinet at 907 Peachwood Drive, Houston, Texas 77077.

And it is respectfully RECOMMENDED:

1. That plaintiff's Motion for Summary Final Judgment (doc. 25) be GRANTED.

2. That plaintiff's Motion for Entitlement to and Award of Attorneys' Fees and Costs (doc. 26) be GRANTED.

3. That judgment be entered in plaintiff's favor in the amount of $12,528.05. This judgment comprises the $6,250.00 owed to plaintiff under the settlement agreement, the $4,375.00 owed to plaintiff's counsel under the settlement agreement, and the $1903.05 owed to plaintiff's counsel for his efforts in enforcing the settlement agreement.

At Pensacola, Florida, this 31st day of August, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.